UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21984-CIV-KING/MCALILEY

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

      Plaintiff,

v.

LUXURY MONTRES, LLC., a Florida limited
liability company,

      Defendant.
_____/

## ANSWER AND COUNTER CLAIM

      COMES NOW the Defendant/Counter-Plaintiff in the above-styled action and hereby

files its Answer and Counter Claim to the instant Complaint and as grounds therefore states the

following:

      The Defendant/Counter Plaintiff LUXURY MONTRES, LLC, a Florida limited

liability company, hereinafter referred to as "LM" files this response as follows:

    1.     Paragraph 1 is without knowledge and denied.

## I.  PARTIES

    2.     Paragraph 2, LM is without knowledge as to the accuracy of the allegations in

paragraph 2 and in fact believes that the Plaintiff operates its principal place of business in Kuala

Lumpur, Malaysia.

    3.     Paragraph 3 is admitted.

    4.     Paragraph 4 is admitted.

## II.  JURISDICTION AND VENUE

5.      Paragraph five is admitted.

6.      Paragraph 6 is admitted.

7.      Paragraph 7 is admitted.

### III. FACTS

8.      Paragraph 8 is admitted.

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted in  part and denied in part.   LM entered into a

Distribution Agreement with the Plaintiff identified as Exhibit "A" in the Plaintiff's Complaint.

However, following the execution of the Distribution Agreement there were modifications and

changes to subject agreement which materially changed portions of the Distribution Agreement.

Said changes included but are not limited to terms of credit, times of payment of credit, payment

for new product, times of payment for new versus existing stock.  The Defendant LM hereby

denies the remainder of allegations in paragraph 10.

11.   LM agrees that it entered into a Distribution Agreement  Exhibit "A" of Plaintiff's

Complaint.

12.   LM agrees that from time to time it would place orders with the Plaintiff some of

which would be accepted by the Plaintiff.  LM agrees that the Plaintiff from time to time

produced and delivered certain ordered products to LM.  LM however, asserts that Plaintiff failed

to timely deliver or in fact deliver at all certain products ordered by LM.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

Numerous terms in the subject Distribution Agreement were changed and

-2-

modified by agreement of the parties including time of payment for certain goods.

15.     Plaintiff agrees it made payments to BEDAT.  Plaintiff denies the remainder of the allegations herein.

16.     As to paragraph 16 denied.

17.     As to paragraph 17 LM admits in part and denies in part.  LM agrees that BEDAT sent a Default Notice marked Exhibit "C" attached to Plaintiff's Complaint.

18.      LM denies. Paragraph 18 is taken out of context.  LM agrees that its counsel submitted Exhibit "D" a letter dated May 14, 2012 to counsel for BEDAT but specifically denied that LM was in material breach of its obligations setting forth a number of reasons for its position.

19.     LM agrees that BEDAT through its counsel transmitted Exhibit "E" attached to Plaintiff's Complaint to wit: a letter dated May 29, 2012 addressed to BEDAT"S counsel. LM denies the remainder of the allegations.

20.     LM agrees that statements of account from time to time were sent from BEDAT to LM but denies the remainder of the allegations.

21.     Plaintiff does not appear to be an allegation so that LM denies and/or is unable to respond to paragraph 21.

### IV.  BREACH OF CONTRACT CLAIM

22.     LM denies paragraph 22.

23.     LM denies paragraph 23.

24.     LM denies paragraph 24.

WHEREFORE, LM seeks judgment on behalf of LM and against BEDAT, costs and

expenses as are allowed and seeks a jury trial.

## V.  AFFIRMATIVE DEFENSES

1.      LM asserts that any alleged contractual defaults were due to actions and conduct

of BEDAT in the following manner and means:

      a.      BEDAT failed to deliver ordered goods and in fact cancelled production of

          specific goods for which orders were received and accepted by BEDAT from LM.

      b.      BEDAT engaged in production delays which affected the ability of LM to deliver

          goods to its customers.

      c.      BEDAT cancelled accepted orders from LM.

      d.      BEDAT did not fill orders placed and accepted by BEDAT and failed to perform

          pursuant to its contractual obligations.

2.      BEDAT misrepresented availability of goods, production of goods and delivery of

said goods.

3.      BEDAT failed to process credits in a timely fashion for such items as warranty

repairs and marketing credits thereby resulting in a negative effect in its operating

capital and ability to perform in paying down balances owed.

4.      BEDAT failed to deliver ordered spare parts while remaining non-responsive to

requests for spare parts from LM to BEDAT.  As a consequence, a number of

BEDAT watches needing repair were unable to be repaired as a direct result of

BEDAT's delays and non-performance.

5.      BEDAT delayed confirmation of sales, delivery of orders, and delivery of orders.

6.      BEDAT has made payments and is entitled to credits for parts, marketing, and

-4-

inventory for which a set off is claimed.

## VI.  COUNTER CLAIM

COMES NOW the Defendant/Counter Plaintiff LUXURY MONTRES, LLC, a Florida limited liability company, and hereby asserts as follows:

1.      LM is a limited liability corporation with principal offices in Miami, Florida whose principal executive/officers are: Johnny Wizman and Steven Wizman.

2.      On information or belief the Defendant BEDAT & CO GENEVE, is a corporation organized under the laws of Switzerland but in fact believes that is principal offices are in Kuala Lumpur, Malaysia.

3.      The amount in controversy is  $75,000.00 exclusive of interests and costs and jurisdiction is based on diversity.

Furthermore,  LM asserts that substantial relevant  events took place between the parties in Miami Dade County, Florida where the Defendant/Counter Plaintiff's reside and furthermore asserts that by virtue of the Distribution Agreement incorporated in Plaintiff's Exhibit "A", venue lies in Dade County, Florida for  actions arising from said agreement.

## VII.  GENERAL ALLEGATIONS

4.      The Defendant/Counter Plaintiff is a limited liability company with offices in Dade County,  Florida.

5.      LM entered into an exclusive Distribution Agreement on or about February 10, 2010, with BEDAT attached hereto and incorporated within BEDAT's Complaint Exhibit "A".

6.      At various times subsequent to the execution of said exclusive Distribution Agreement, certain terms and conditions were modified and changed by agreement of the parties.

7.　　LM established a distribution network of dealers to engage in the sale of BEDAT watches, accessories and product.

8.　　LM furthermore, spent significant sums of money in fulfilment of its responsibilities pursuant to its agreement with BEDAT and in an attempt to best represent BEDAT and it's product line.

9.　　Over a period of time, BEDAT breached the contract and subsequent modifications in a number of ways including but not limited to:

    a.　　Failing to deliver product ordered by LM;

    b.　　Failure to deliver ordered product in a timely fashion;

    c.　　Failing to deliver ordered parts in a timely fashion ;

    d.　　Failing to provide periodic stock reports to LM; and

    e.　　Failing to provide them in a timely fashion.

10.　　BEDAT represented  product was available for purchase by LM which was ordered but in fact  not delivered and, not timely produced.

11.　　LM alleges BEDAT redirected goods due LM to Asian or other markets thereby depriving LM of products due for sale in LM's  duly designated territory.

12.　　LM alleges BEDAT failed to deliver certain product in a timely manner if at all.

13.　　Plaintiff alleges BEDAT failed to notify LM in a timely manner of its non-production of product advertised and represented as having been manufactured by BEDAT that in fact not was manufactured at all and or not manufactured in a timely manner.

14.　　LM  alleges BEDAT failed to deliver product at key times during the year resulting in a loss of  sales and profits.

15.     LM alleges BEDAT failed to timely provide credits owed LM and to apply them to LM's line of credit thereby affecting LM's cash flow and ability to pay for its product as well as expand the business.

16.     LM alleges BEDAT failed to repair and/or replace defective products in a timely fashion.  BEDAT was not equipped to handle repairs of movement, failed to have spare parts and/or adequate spare parts to repair product.

17.     LM alleges  BEDAT failed  to provide spare parts for LM.

18.     LM alleges BEDAT failed to provide proper and adequate service and to provide same in a timely fashion.

19.     LM alleges BEDAT failed  to provide marketing reports to LM and failed to provide them in a timely fashion.

20.     Plaintiff alleges BEDAT failed to notify and timely notify  LM of cancellation of specific ordered goods represented in a catalog as having been or to be manufactured by BEDAT.

21.     LM alleges BEDAT delayed and cancelled production of certain goods without proper notice to LM.

22.     LM alleges BEDAT failed to timely provide core product to LM.

23.     LM alleges BEDAT through its inefficiency in the delivery process resulted in delays of receipt of product to LM.

24.     LM alleges BEDAT filed  improper paperwork with governmental agencies resulting in delays or denial of receipt of ordered goods by LM.

25.     LM alleges BEDAT failed to process credits for warranty repairs and marketing and or failed  to process  them and apply them in a timely fashion.

26.     LM alleges BEDAT failed to provide core product and failed to provide same in a timely fashion.

27.     As a result of the conduct of BEDAT, LM has incurred and sustained loss of sales with resulting loss of profits, damage to its reputation in the market and with its customers, loss of monies and funds invested in the operation of the business.  Said losses and damages have occurred in the past and are continuing and will continue in the future.

WHEREFORE, LM, seeks compensatory damages as well as costs, interest, and other relief deemed allowable under the law and the jurisdiction of this court.

## VIII.

## COUNT I MISREPRESENTATION

28.     Plaintiff reavers and realleges all General Allegations as if fully set forth herein.

29.     BEDAT misrepresented its ability to carry out the manufacture and delivery of watch products to LM, its experience in the industry, all of which  constituted an inducement for LM to enter into subject exclusive Distribution Agreement with BEDAT.   Furthermore, BEDAT misrepresented to LM its ability to carry out production, delivery and performance of all acts and activities consistent with production, delivery, repair, replacement of parts and in general carrying out an efficient and effective watch making,  parts provision, repair and distribution of said product to LM.

Furthermore, BEDAT misrepresented to the Plaintiff that it could and would carry out these functions in a timely, efficient, quality manner which would be consistent with similar watch manufactures in the industry.

30.     Plaintiff relied on the representations of BEDAT through its agents and/or

employees to be able to carry out the above-described functions and activities.

    31.     In fact, BEDAT did not possess the requisite ability and manufacturing networks

to carry out the above-described representations as described above which resulted in damages to

LM.

    32.     LM further asserts that BEDAT re-directed product which should have been

destined and bound for markets within LM's territory to other geographic areas around the world

resulting in loss of product and further losses and delays in product delivery, product availability,

timely providing of parts and services to the LM, resulting in damage and losses including but

not limited to loss of profits, loss or market, damage to LM's reputation, loss investment and loss

of funds and investment funds directed to its business operation.

## VERIFICATION

    I Johnny Wizman, President and CEO of Luxury Montres, LLC.,   have read the factual

allegations contained in the CounterClaim and they are true and correct.

                By:_____

                   Johnny Wizman

    SWORN to and subscribed before me this _10th_ day of July, 2012, appeared Johnny

Wizman who is personally known to me and/or whom produced _drivers license_,

as identification, and who after first being duly sworn has executed the above foregoing.

                   _Maria Echemendia_

                   Notary Public, State of Florida

           Name: _____

                   Notary Public State of Florida
                   Maria Echemendia
                   My Commission EE 168989
           Commission #: ____   Expires 02/06/2016

-9-

**WHEREFORE**, Plaintiff respectfully requests damages for its losses past and future,

costs, interest and any other relief allowed by this court and the law as well as trial by jury.

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing Answer and CounterClaim has been electronically filed with the Clerk of Court using the CM/ECF system on this 10th day of July 2012 which will send notice of electronic filing to: Mr. Richard J. Ovelmen, Esquire of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803

Respectfully submitted,

SAMUEL M. SPATZER, P.A.
4601 Ponce De Leon Boulevard
Suite 290
Coral Gables, FL 33146
Telephone: 305-665-6099
Fax: 305-665-8141

*Samuel M. Spatzer*

By: _____
   Samuel M. Spatzer
   FBN#: 149259

-10-