## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 12-21984-CIV-KING/MCALILEY

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

      Plaintiff,

v.

LUXURY MONTRES, LLC., a Florida limited
liability company,

      Defendant.

_____/

## DEFENDANT/COUNTER PLAINTIFF'S NOTICE TO PRODUCE TO THE
## PLAINTIFF/COUNTER DEFENDANT, BEDAT & CO GENEVE

Comes now the Defendant/Counter Plaintiff, Luxury Montres, LLC, by and through its

undersigned attorney, and pursuant to ***Federal Rule of Civil Procedure 34*** requests the

Plaintiff/Counter Defendant, BEDAT & CO GENEVE to produce within 30 days from today's date

**the following documents, things and tangible items for inspection and copying[1]:**

1.    Any writings, schematic, drawing showing the corporate management structure of the

    Plaintiff delineating the officers, directors and managers of the Plaintiff.

2.    The written contracts/distribution agreements by and between the Plaintiff and the Defendant

    and any written and unwritten modifications to the original written contracts/distribution

    agreements by and between the Plaintiff and the Defendant .

3.    The written records retention policy of the Plaintiff.

_____

[1]*Please refer to the "DEFINITIONS" and "INSTRUCTIONS" sections of this
document when responding to this notice to produce.*

4.  The sales manual/guidelines for your sales operations.

5.  The production manual/guidelines/schedules for your production operations.

6.  The repair manual/guidelines/schedules for your repair operations.

7.  All correspondence and writings by and between the Plaintiff and the Defendant.

8.  Your written procedures for reimbursing representatives/distributors for their promotional and advertising efforts regarding your line of products.

9.  Your unwritten procedures for reimbursing representatives/distributors for their promotional and advertising efforts regarding your line of products.

10. Your written credit procedures for distributors.

11. Your unwritten credit procedures for distributors.

12. Your production schedule and output for your product lines during the years 2010, 2011 and 2012.

13. Your written records and written accounting of all sales, returns, debit and credit transactions with the Defendant.

14. Your written record of returns by the Defendant of non conforming and defective goods.

15. All of your written orders from Defendant.

16. All of your written records showing when the Defendant's orders were filled and shipped to the Defendant.

17. Any and all complaints from any distributors regarding untimely delivery of products during the years 2010, 2011 and 2012.

18. Any and all complaints from any distributors regarding non conforming and defective goods during the years 2010, 2011 and 2012.

19.    Your records showing receipt of any non conforming goods from the Defendant and your records showing when you replaced those non conforming goods.

20.    Your records showing receipt of any of your product for repair from the Defendant and your records showing when you repaired those products and sent them back to the Defendant.

21.    Your written policy of delivery of product to distributors in general and if there was any difference or variation with respect to delivery of product to Defendant.

22.    Your written policy regarding allocation of your product to different regions of your entire company's market during the years 2010, 2011 and 2012.

23.    Your records showing any and all returns from Defendant for any reason.

24.    Your written records reflecting the names and addresses all the persons responsible for the day to day operations of each of your repair operations/facilities.

25.    Your written records reflecting the names and addresses all the persons responsible for the day to day operations of each of your production operations/facilities.

26.    Your written records reflecting the names and addresses all the persons responsible for the day to day operations of each of your administrative operations.

27.    Your written records reflecting the names and addresses all the persons responsible for the day to day operations of each of your shipping and receiving operations.

28.    Your written records reflecting the names, addresses and contact information for any outsourcing of any of your production operations, administrative operations, repair operations, shipping operations, and your customer/distributor relations operations.

## DEFINITIONS TO BE USED WHEN  RESPONDING

The following are "Definitions" as used herein:

1.      **"YOU"/"YOUR"**

The use of each or either of these words is intended to refer to the Plaintiff, **Bedat & Co Geneve**, to whom this request is directed and their d/b/a's and operating entities.  These words are intended to refer to each and any individual, department, division, office, agency or affiliate of Plaintiff, **Bedat & Co Geneve**,   Further, either and each of these words are intended to include any successor(s) or predecessor(s) firm(s) or corporation(s) and any and either or these words is intended to include any parent(s) corporation(s) and any holding company(ies) with which Plaintiff, **Bedat & Co Geneve,** is associated. Any and either of these words is intended to include any other corporate business entity with which said corporation has merged or consolidated. Further each of these words is intended to include present and former officers, directors, agents, employees and any and all other persons, firms or companies acting or purporting to act on behalf of "you" or "your" company, Plaintiff, **Bedat & Co Geneve.**

2.      **"DOCUMENT"** or **"DOCUMENTS"** or **"WRITING"** or **"WRITINGS"** or **"COMMUNICATIONS"** or **"RECORDS"** or **"INFORMATION"** means:

a.      Whenever the words "document" or "documents" or "writing" or "writings" or "communications" or "records" or "information" are used herein, these words are intended to refer to any material or any medium on which or by which "information" is recorded or communicated- including papers (of any kind or character), photographs, moving pictures, videotapes, and any other method or medium by which "information" is recorded, utilized, transmitted or stored by computers or other digital or other type devise or means and **is intended to include, but is not limited to *emails* and other digital storage or transmission medium or database.**

b.      In a subpoena for the Production of a document(s), a writing(s), a communication(s), a record(s) should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communications or writings by whatever name called which relate to the document(s), writing(s), communication(s), record(s)  specifically including:

   i.      any material which was used in the preparation of any such document(s), writing(s), communication(s), record(s) ;

   ii.     any and all attachments to such document(s), writing(s),communication(s), record(s) ;

   iii.    any and all documents referred to in the requested document(s) writing(s), communication(s), record(s) ; and

   iv.     any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of such  document(s), writing(s), communication(s), record(s).

   v.

3.      **"Product" "Products"** and **"Goods"** means to your entire line of merchandise as marketed

through your distributors such as the Defendant, Luxury Montres, LLC

## ==INSTRUCTIONS== FOR RESPONDING

1.   In response to these inquiries and requests, you are required to furnish all information and/or documents that are available to you or subject to your reasonable inquiry including information and/or documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your control.

2.   In responding to these inquiries and requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representative.

3.   In responding to these inquires and requests, you are to furnish all information within your control as well as within your possession. If information and/or documents are not within your possession but are within your control, in the same sense that it is had by a person who has business relationships or contractual relationships with you or any other person with whom you normally deal and would have no difficulty in a business sense in making any request for such information, then you are required to make reasonable efforts to obtain the information and/or documents and include it with your response.

4.   If an individual inquiry or request has subparts, respond to each part separately and in full, an do not limit your response to the request as a whole. If any individual inquiry or request cannot be responded to in full, respond to the extent possible.

5.   If any of the individual inquiries or requests is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual inquiry or request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the request is unduly burdensome and stating whatever information and knowledge you have of the information and/or documents called for in the request; and (generally) an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular request.

6.   If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

   c.   The name and title or position of the authors and/or senders of the document;

   d.   The name and title or position of each and every person to whom the document was sent;

   e.   The name and title or position of each and every person to whom the document was copied to;

f.  The date of the document;
g.  A brief description of the subject matter and length of the document in pages and/or each attachment, appendix and exhibit thereto;
h.  The name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and
i.  The name and title or position of each person on whose behalf the privilege is asserted.

7.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiries and request herein:

j.  the singular shall include the plural and the plural shall include the singular;
k.  a masculine, feminine or neuter pronoun shall not exclude the other genders; and
l.  the words "and" and "or" shall be read in the conjunctive or disjunctive or both as the case may be, all to the end that the interpretation applied results in the more expansive production.

## CERTIFICATE OF SERVICE

I CERTIFY that on this 21st day of August 2012 a true copy of the foregoing Notice to Produce has been has been electronically filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to: **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, Sullivan & Worcester, LLP, 1290 Avenue of the Americas, 29th Floor, New York, New York 10104 *and a copy was also served by US MAIL and email on* **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, Sullivan & Worcester, LLP, 1290 Avenue of the Americas, 29th Floor, New York, New York 10104.

Respectfully submitted,

_____
**SAMUEL M. SPATZER, Esquire**
Florida Bar Number: 149259
SAMUEL M. SPATZER, P.A.
Attorney for Plaintiffs
4601 Ponce De Leon Boulevard, Suite 290
Coral Gables, FL 33146
Telephone: (305) 665-6099
Fax:        (305)665-8141
Email: sspatzer@spatzerlaw.com
Email: mmurphy@spatzerlaw.com
Email: mrivas@spatzerlaw.com