**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 12-21984-CIV-KING/MCALILEY**

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

      Plaintiff,

v.

LUXURY MONTRES, LLC., a Florida limited
liability company,

      Defendant.

_____/

**DEFENDANT/COUNTER PLAINTIFF'S 2ⁿᵈ NOTICE TO PRODUCE TO THE**
**PLAINTIFF/COUNTER DEFENDANT, BEDAT & CO GENEVE**

      Comes now the Defendant/Counter Plaintiff, Luxury Montres, LLC, by and through its

undersigned attorney, and pursuant to ***Federal Rule of Civil Procedure 34*** requests the

Plaintiff/Counter Defendant, BEDAT & CO GENEVE to produce within 30 days from today's date

**the following documents, things and tangible items for inspection and copying[1]:**

1.     For the calendar years 2009, 2010, 2011 and 2012 any and all records, reports, invoices,

        shipping documents which reflect shipments of Bedat watches, parts of Bedat watches and

        Bedat accessories to watches to any countries and markets *other* than the United States.

2.     For the calendar years 2009, 2010, 2011 and 2012 any and all records, reports, invoices

        which reflect the monthly, quarterly and annual value of sales in US Dollars of Bedat

        watches, parts of Bedat watches, Bedat accessories and products to any countries and

---

[1]*Please refer to the "DEFINITIONS" and "INSTRUCTIONS" sections of this*
*document when responding to this notice to produce.*

markets *other* than the United States.

3.  For the calendar years 2009,2010, 2011 and 2012 any and all records, reports, invoices which reflects the sale of  Bedat watches, parts of Bedat watches, Bedat accessories and products in any and all locations/markets in which Bedat acted on its own behalf, through any agents, brokers, jobbers, subcontractors or other intermediaries.

4.  For the calendar years 2010, 2011 and 2012 any and all records, reports, invoices which reflects the origin of all Bedat products sent by Bedat to Defendant. (*i.e*., was product sent from Hong Kong, Malaysia, Switzerland, or any other county of origin)

5.  For the calendar years 2009, 2010, 2011 and 2012 any and all records, reports, invoices which reflects the identity by description, model number, reference number, catalogue number of all Bedat watches shipped to markets other than North America and Puerto Rico.

6.  For the calendar years 2009, 2010, 2011 and 2012 any and all records, reports, invoices which reflects all of Bedat and its subsidiaries direct marketing expenditures to promote its products and by what means (*i.e* print media, publications, TV radio, promotions, shows, etc.) and in what markets/locations *other* than the United States.

7.  For the calendar years 2009, 2010, 2011 and 2012 any and all records, reports, invoices which reflect all direct marketing expenditures by distributors , other than defendant.

8.  For the calendar years 2009, 2010, 2011 and 2012 any and all distributors contracts, other than the Defendant. (*This request is intended to support for the counterclaim regarding the disparate differences in contract terms and treatment between the Defendant's relationship with Bedat and Bedat's other distributors.  This Defendant will agree to a confidentiality provision with respect to all of these contracts/documents of other distributors*.)

## ==DEFINITIONS== TO BE USED WHEN  RESPONDING

The following are "Definitions" as used herein:

1.   **"YOU"/"YOUR"**

The use of each or either of these words is intended to refer to the Plaintiff, **Bedat & Co Geneve**, to whom this request is directed and their d/b/a's and operating entities.  These words are intended to refer to each and any individual, department, division, office, agency or affiliate of Plaintiff, **Bedat & Co Geneve**,   Further, either and each of these words are intended to include any successor(s) or predecessor(s) firm(s) or corporation(s) and any and either or these words is intended to include any parent(s) corporation(s) and any holding company(ies) with which Plaintiff, **Bedat & Co Geneve,** is associated. Any and either of these words is intended to include any other corporate business entity with which said corporation has merged or consolidated. Further each of these words is intended to include present and former officers, directors, agents, employees and any and all other persons, firms or companies acting or purporting to act on behalf of "you" or "your" company, Plaintiff, **Bedat & Co Geneve.**

2.   **"DOCUMENT"** or **"DOCUMENTS"** or **"WRITING"** or **"WRITINGS"** or **"COMMUNICATIONS"** or **"RECORDS"** or **"INFORMATION"  means:**

a.   Whenever the words "document" or "documents" or "writing" or "writings" or "communications" or "records" or "information" are used herein, these words are intended to refer to any material or any medium on which or by which "information" is recorded or communicated- including papers (of any kind or character), photographs, moving pictures, videotapes, and any other method or medium by which "information" is recorded, utilized, transmitted or stored by computers or other digital or other type devise or means and **is intended to include, but is not limited to *emails* and other digital storage or transmission medium or database.**

b.   In a subpoena for the Production of a document(s), a writing(s), a communication(s), a record(s) should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communications or writings by whatever name called which relate to the document(s), writing(s), communication(s), record(s)  specifically including:

    i.   any material which was used in the preparation of any such document(s), writing(s), communication(s), record(s) ;

    ii.   any and all attachments to such document(s), writing(s),communication(s), record(s) ;

    iii.   any and all documents referred to in the requested document(s) writing(s), communication(s), record(s) ; and

    iv.   any and all subsequent additions, deletions, substitutions, amendments or modifications   to   the   original   of   such     document(s),   writing(s),

communication(s), record(s).

v.

3.   **"Product" "Products**" and **"Goods"** means to your entire line of merchandise as marketed through your distributors such as the Defendant, Luxury Montres, LLC

## INSTRUCTIONS FOR RESPONDING

1.   In response to these inquiries and requests, you are required to furnish all information and/or documents that are available to you or subject to your reasonable inquiry including information and/or documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your control.

2.   In responding to these inquiries and requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representative.

3.   In responding to these inquires and requests, you are to furnish all information within your control as well as within your possession. If information and/or documents are not within your possession but are within your control, in the same sense that it is had by a person who has business relationships or contractual relationships with you or any other person with whom you normally deal and would have no difficulty in a business sense in making a request for such information, then you are required to make reasonable efforts to obtain the information and/or documents and include it with your response.

4.   If an individual inquiry or request has subparts, respond to each part separately and in full, an do not limit your response to the request as a whole. If any individual inquiry or request cannot be responded to in full, respond to the extent possible.

5.   If any of the individual inquiries or requests is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual inquiry or request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the request is unduly burdensome and stating whatever information and knowledge you have of the information and/or documents called for in the request; and (generally) an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular request.

6.   If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

c.   The name and title or position of the authors and/or senders of the document;

d.   The name and title or position of each and every person to whom the document was sent;

e.      The name and title or position of each and every person to whom the document was copied to;

f.      The date of the document;

g.      A brief description of the subject matter and length of the document in pages and/or each attachment, appendix and exhibit thereto;

h.      The name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

i.      The name and title or position of each person on whose behalf the privilege is asserted.

7.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiries and request herein:

a.      the singular shall include the plural and the plural shall include the singular;

b.      a masculine, feminine or neuter pronoun shall not exclude the other genders; and

c.      the words "and" and "or" shall be read in the conjunctive or disjunctive or both as the case may be, all to the end that the interpretation applied results in the more expansive production.

**CERTIFICATE OF SERVICE**

    I CERTIFY that on this 16th day of January 2013 a true copy of the foregoing 2nd Notice to Produce has been has been electronically filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to: **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, Sullivan & Worcester, LLP, ZAG/S&W LLP, 1633 Broadway, New York, NY 10019 *and a copy was also served by facsimile and email on* **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, Sullivan & Worcester, LLP, ZAG/S&W LLP, 1633 Broadway, New York, NY 10019

        Respectfully submitted,

        *Samuel M. Spatzer*

        **SAMUEL M. SPATZER, Esquire**
        Florida Bar Number: 149259
        SAMUEL M. SPATZER, P.A.
        Attorney for Plaintiffs
        4601 Ponce De Leon Boulevard, Suite 290
        Coral Gables, FL 33146
        Telephone: (305) 665-6099
        Fax:        (305)665-8141
        Email: sspatzer@spatzerlaw.com
        Email: mmurphy@spatzerlaw.com
        Email: mrivas@spatzerlaw.com