UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21984-CIV-KING/MCALILEY

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

    Plaintiff,

v.

LUXURY MONTRES, LLC., a Florida limited
liability company,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERTS AND REPORTS WITH INCORPORATED MEMO OF LAW**

    Comes now the Defendant, by and through their undersigned counsel, and pursuant to ***Fed. R. Civ. P. 6(b)(1)(B)*** respectfully requests an extension of time to file their Expert Witness Disclosure and as grounds and good cause therefore would show unto the Court as follows:

1. That this Court's Scheduling Order (DE.14 p.3) required expert disclosure on or before December 5th 2013.  The undersigned just realized this oversight.

2. Undersigned counsel inadvertently overlooked this deadline in his calendar and neglected to hire an expert witness for the counterclaim filed in this matter.  The undersigned is a sole practitioner.

3. The undersigned attorney lost several work days during the thirty days immediately preceding the expert disclosure date due to chronic back pain and related medical treatment and diagnostic studies conducted during this period and over the intervening Thanksgiving holidays.

4. During the thirty days before the required expert witness disclosure, the undersigned counsel had also been very busy with various post trial motions following a week long jury trial which resulted in a substantial verdict in a civil rights case completed in early November 2012 in the Middle District of Florida {*Monica Bartley, et. al., vs. Florida Intracity Patrol, Inc., Case# 6:10-CV-1180-Orl-35DAB*}

5. Although the Defendant should have been aware of the deadline for disclosures of expert witnesses and their reports, the Defendant would ask this court, in the exercise of its discretion, to consider the extension in light of the lack of any prejudice to the Plaintiff.

6. The Defendant respectfully requests that this Honorable Court grant an extension of time up to and including February 28th 2013 to make a proper expert witness disclosure in this case.

7. The Defendant will not object to allowing the Plaintiff sufficient time after Defendant's disclosure to make its disclosure of experts and their reports.

8. To date, the parties have been diligent in their discovery, exchanging over 6,000 pages of discovery documents, answering interrogatories, requests for admissions, reaching stipulations and most recently, January 10th 2013, completing the depositions of the two principals of the Defendant. This requested extension will not delay the trial of this matter.

8. The undersigned has been in contact with counsel for the Plaintiff who ***does not agree*** with the requested extension of time.

## MEMORANDUM OF LAW

**Fed. R. Civ. P. 6(b)(1)(B)** states in pertinent part as follows:

> "**Extending Time.**
> (1) *In General*. When an act may or must be done within a specified time, **the court may, for good cause, extend the time: . . . (B)** on motion made after the time has expired **if the party failed to act because of excusable neglect**."[*emphasis supplied*]

In ***Fischer vs. The Office of the Sate Attorney 13th Judicial Circuit Florida*, 162 Fed.Appx. 937, 2006 WL 133418 (C.A.11 (Fla.)**  the 11 Circuit elaborated on excusable neglect as follows:

> "In *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that neglect encompasses "inadvertence, mistake, or carelessness, as well as ... intervening circumstances beyond the party's control." Whether neglect is excusable is an **equitable determination** "taking account of all relevant circumstances surrounding the party's omission." These circumstances include the danger of prejudice to the opposing party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." We recognized that *Pioneer* "accorded primary importance to the absence of prejudice ... and to the interest of efficient judicial administration." {*internal citations omitted*}(*emphasis supplied*)

**Wherefore,** the Defendant believes they have demonstrated good cause and excusable neglect for the requested extension of time to provide expert witness disclosure and respectfully requests this Honorable Court to exercise it's discretion and grant the extension up and including February 28th 2013 to comply with the expert witness disclosure.

**Certification of Counsel** *pursuant to Local Rule 7.1(a)(3)*

Undersigned counsel hereby certifies that he has been in contact with Plaintiff's counsel who **does not agreed** to the relief sought in this motion.

Respectfully submitted,

*Samuel M. Spatzer*

_____
**SAMUEL M. SPATZER, Esquire**
Florida Bar Number: 149259
SAMUEL M. SPATZER, P.A.
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 18th day of January 2013 a true copy of the foregoing Motion has been has been electronically filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to: **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, Sullivan & Worcester, LLP, 1290 Avenue of the Americas, 29th Floor, New York, New York 10104.

Respectfully submitted,

*Samuel M. Spatzer*

_____
**SAMUEL M. SPATZER, Esquire**
Florida Bar Number: 149259
SAMUEL M. SPATZER, P.A.
Attorney for Plaintiffs
4601 Ponce De Leon Boulevard, Suite 290
Coral Gables, FL 33146
Telephone: (305) 665-6099
Fax:          (305)665-8141
Email: sspatzer@spatzerlaw.com
Email: mmurphy@spatzerlaw.com
Email: mrivas@spatzerlaw.com