UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21984-CIV-KING/MCALILEY

BEDAT & CO GENEVE,

        Plaintiff/Counter-Defendant,

v.

LUXURY MONTRES, LLC,

        Defendant/Counter-Plaintiff.

_____/

**PLAINTIFF/COUNTER-DEFENDANT BEDAT & CO GENEVE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCUSE CORPORATE REPRESENTATIVE FROM IN-PERSON ATTENDANCE AT MEDIATION**

Plaintiff/Counter-Defendant Bedat & Co Geneve ("Bedat") respectfully submits this reply memorandum in further support of its motion to excuse its corporate representative from the requirement of in-person attendance at the mediation in this matter [DE 33] (the "Motion") and in response to the corrected opposition [DE 35] (the "Opposition") filed by Defendant/Counter-Plaintiff Luxury Montres LLC ("LM").

1.     In the Motion, Bedat set forth several reasons for its request that the Court excuse the requirement of Local Rule 16.2(e) with respect to Bedat's corporate representative. First, Bedat's corporate representative, Eric Eoon, resides halfway around the world, in Kuala Lumpur, Malaysia. Traveling to Miami for a half-day mediation will cost thousands of dollars and will require at least three days out of Mr. Eoon's schedule. Second, Mr. Eoon's in-person attendance is not necessary for a fruitful mediation, since Mr. Eoon will be available by telephone as

necessary, and Bedat's counsel will have full settlement authority. Finally, LM has already conceded liability and damages with respect to Bedat's claims, so the mediation will only address LM's alleged damages with respect to its counterclaims.

2. In the Opposition, LM argues that Bedat has not made a showing of good cause because the Eleventh Circuit's policy of "encouraging" mediation somehow mandates the physical presence of Bedat's representative at the mediation. *See* Opp'n at 3. Not so. As set forth in the Motion, Bedat intends to participate fully and in good faith in the mediation conference on March 18. Indeed, Bedat voluntarily agreed with LM to select a mediator and schedule the mediation conference even though the Court has not issued an order referring the case to mediation. *See* Motion at ¶ 1. Bedat's counsel will be present at the mediation and will have full settlement authority, and Mr. Eoon will be available to participate by telephone as necessary during the mediation. Requiring Bedat to spend the additional, and considerable, resources required to transport Mr. Eoon across the world and back would directly contradict the underlying purpose of Local Rule 16.2, which is "to provide an alternative mechanism for the resolution of civil disputes leading to disposition before trial of many civil cases with resultant *savings in time and costs to litigants* . . ." L.R. 16.2(a)(2) (emphasis added).

3. LM also argues that Bedat's claim has not been "proven" because it "has not moved for nor been granted a summary judgment, so liability on the initial claim and counterclaim are still an issue of fact for the jury." *See* Opp'n at 3. This is also wrong. In the parties' stipulation, executed on January 7, 2013, LM expressly agreed that it "admits and does not dispute" that it owes Bedat the amounts claimed by Bedat in the Complaint. *See* DE 28-1. No further proof is necessary with respect to Bedat's claim.

## **CONCLUSION**

For the reasons discussed above, Bedat respectfully requests that the Court grant the Motion, and excuse the requirement that Bedat's corporate representative attend the mediation in person.

Dated: Miami, Florida  
March 13, 2013

JORDEN BURT LLP

By: /s/ Jason Patrick Kairalla
   Richard J. Ovelmen (Fla. Bar No. 28904)
   Jason Patrick Kairalla (Fla. Bar No. 594601)
   777 Brickell Avenue, Suite 500
   Miami, Florida 33131-2803
   Direct: (305) 347-6805
   Fax: (305) 372-9928
   Email: rjo@jordenusa.com
          jpk@jordenusa.com

   SULLIVAN & WORCESTER LLP
   Andrew T. Solomon (*pro hac vice*)
   Karen E. Abravanel (*pro hac vice*)
   1633 Broadway, 32nd Floor
   New York, New York 10019
   Telephone: (212) 660-3000
   Fax: (212) 660-3001
   Email: asolomon@sandw.com
          kabravanel@sandw.com

   *Attorneys for Plaintiff Bedat & Co Geneve*

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing memorandum was electronically filed with the Clerk of Court using the CM/ECF system on March 13, 2013, which will send notice of electronic filing to: Mr. Samuel M. Spatzer, Esq., counsel of record for Defendant in this action.

      /s/ Jason Patrick Kairalla
      Jason Patrick Kairalla