UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21984-CIV-KING/MCALILEY

BEDAT & CO GENEVE,

        Plaintiff/Counter Defendant

v.

LUXURY MONTRES, LLC,

        Defendant/Counter Claimant.

_____/

### LUXURY'S MONTRES, LLC's MOTION TO ALLOW LIVE VIDEO CONFERENCING TESTIMONY AT THE TRIAL OF THIS MATTER AND INCORPORATED MEMO OF LAW

Comes now the Defendant/Counter Claimant, Luxury Montres, LLC, by and through its undersigned counsel and respectfully requests this Court to allow trial witnesses outside the jurisdiction to testify at trial by video teleconferencing and as grounds therefore would show unto the Court as follows:

1. Several of the trial witnesses in this matter reside outside this court's jurisdiction (New York City, California and Barbados) and it would be a great inconvenience and a significant cost to bring these witnesses to Miami to testify in person.

2. That the technology exists to allow these individuals to testify by video conference. The Court, the Parties and the Jury can observe and hear their live testimony as if they were physically present at trial. Allowing such testimony will serve the interest

of justice and the convenience of the witnesses and facilitate the prompt and orderly administration of justice by the Court.

3. "…For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." **Fed. R. Civ. P. 43 (a)**

4. "…Video transmission ordinarily should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission." [*see* Notes to the 1996 Amendments to **Fed. R. Civ. P. 43 (a)** ]

## LAW

*In re Vioxx Products Liability Litigation,* **439 F.Supp.2d 640, (E. D. La. 2006)** the Louisiana Court noted:

> "…the Court notes that there has been **an increasing trend by federal courts allowing and by legal commentators advocating for the use of contemporaneous transmission of trial testimony**. *See* Carolyn Hertzberg, *Clever Tool or Dirty Pool?: WPPSS, Closed Circuit Testimony and the Rule 45(e) Subpoena Power,* 21 Ariz. St. L.J. 275 (1989); *cf.* Cathaleen A. Roach, *It's Time to Change the Rule Compelling Witness Appearance at Trial: Proposed Revisions to Federal Rule of Civil procedure 45(e),* 79 Geo. L.J. 81 (1990). In 1988 and 1989, respectively, in the context of multidistrict litigation, the Western District of Washington, *In re Washington Public Power Supply System Sec. Litig.,* MDL No. 551, 1988 WL 525314 (W.D.Wash. Aug. 9, 1988), and the District of Puerto Rico, *In re San Juan Dupont Plaza Hotel Fire Litig.,* 129 F.R.D. 424 (D.P.R.1989), each allowed the testimony of witnesses through the use of contemporaneous transmission. Subsequently, other courts have also allowed or discussed the availability of trial testimony by contemporaneous transmission. *Dagen v. CFC Group Holdings Ltd.,* No. CIV.A. 00-5682, 2003 WL 22533425 (S.D.N.Y. Nov. 7, 2003); *United States v. Gigante,* 971 F.Supp. 755 (E.D.N.Y.1997); *Duncan v. IBM Corp.,* No. CIV.A. 95-1785, 1996 WL 720106, at *5 (S.D.N.Y.1996). *But see Gulino v. Bd. of Educ. of City Sch. Dist. of N.Y.,* No. CIV.A. 96-8414, 2002 WL 32068971 (S.D.N.Y. Mar. 31, 2003). In fact, one district court even allowed an entire trial to be conducted by contemporaneous transmission. *Edwards v. Logan,* 38 F.Supp.2d 463 (W.D.Va.1999).

Moreover, Rule 43, itself, was specifically amended in 1996 to allow for the use of contemporaneous transmission. *Gigante,* 971 F.Supp. at 757. Furthermore, the advisory committee's notes to the 1996 amendment of Rule 43 recognize the appropriateness of contemporaneous transmission in certain circumstances. Rule 43(a) advisory committee's notes."

**WHEREFORE,** it is shown that good cause exists for the use of video conferencing of trial testimony by witnesses outside the jurisdiction of this court and it is respectfully requested that this Honorable Court allow the trial to testify by video conference at the trial of this matter.

### Good faith conference with opposing counsel regarding the matters raised in this motion

Pursuant to the Local Rules of Court the undersigned has specifically spoken to Bedat's counsel regarding the matters raised by this motion and they **do not agree** to the relief sought.

### CERTIFICATE OF SERVICE

I CERTIFY that on this 1st day of April 2013 a true copy of this Motion was filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to: **Mr. Richard J. Ovelmen, Esquire** of Jordan Burt LLP, 777 Brickell Avenue, Suite 500, Miami, Florida 33131-2803 *and to:* **Mr. Andrew T. Solomon, Esquire**, and **Ms. Karen E. Abravenal, Esquire** of Sullivan & Worcester, LLP, 1633 Broadway, 32nd Floor, New York, New York, 10019.

Respectfully submitted,

*Samuel M. Spatzer*

**SAMUEL M. SPATZER, Esquire**
Florida Bar Number: 149259
SAMUEL M. SPATZER, P.A.
Attorney for Plaintiffs
4601 Ponce De Leon Boulevard, Suite 290
Coral Gables, FL 33146
Telephone: (305) 665-6099
Fax:          (305)665-8141
Email: sspatzer@spatzerlaw.com
Email: mmurphy@spatzerlaw.com
Email: mrivas@spatzerlaw.com