IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:   12-21984-CIV KING/MCALILEY

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

      Plaintiff,

vs.

LUXURY MONTRES, LLC, a Florida limited
liability company,

      Defendant.

_____/

## DEFENDANT/COUNTERPLAINTIFF LUXURY MONTRES RESPONSE TO PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR SANCTIONS INCLUDING DISMISSAL OF COUNTERCLAIM

      Defendant/Counterplaintiff, LUXURY MONTRES LLC, through undersigned counsel, hereby responds to Plaintiff/Counterdefendant BEDAT & CO GENEVE's Motion for Sanctions including Dismissal of Counterclaim and Award of Attorney's Fees against Defendant/ Counterplaintiff Luxury Montres LLC [DE 63] and states:

      1.    Plaintiff moves for sanctions against Luxury Montres for accepting the Court's offer of a mistrial.  Plaintiff claims that when Luxury Montres' counsel thereafter withdrew, that Plaintiff was prejudiced.  Plaintiff seeks the sanction of dismissal with prejudice of Luxury Montres' counterclaims and also seeks $23,517.00 in attorney's fees for a day and a half of trial time plus the pre-trial time two months earlier for three attorneys.  Despite Plaintiff's claims of prejudice, none exist.  The motion is without merit and should be denied.

2.      This situation arose on the second day of trial.  The Court almost immediately began suggesting a mistrial.  The Court, recognizing a number of issues raised by the plaintiff in objecting to evidence, discussed a mistrial, pointing out it would be without prejudice to either side and would permit the parties and the Court to work out a number of issues.  (Tr.T. 18:21-25; 19:1-2).  Just a few minutes later, after more discussion, the Court said again, "[I] suggest we agree to a mistrial, excuse the jury, and then I take these matters up" (referring to the Plaintiff's evidentiary objections)(Tr.T 21:3-4).  More discussion ensued after which the Court, after stating it was taking "responsibility for not properly pre-trying the case" (Tr.T. 28:13-14) reiterated, "I think there should be a mistrial in this case…." (Tr.T 28:14-15).  The plaintiff at that point stated it desired to "forge ahead" (Tr.T 30:22-23), stating that the case would be finished by Thursday meaning after two and a half more days of trial. (Tr.T 31:5-6).  The Court acknowledged that there was no prejudice to either side if it granted a mistrial and brought everyone back for trial perhaps four months later. (Tr.T 35:15-25; 36:12-13, 17))("I cannot force people to agree to a mistrial…* * * I can pronounce a mistrial and require you to do a schedule within the next 90 days strictly.  * * *.There is really nothing that is any harm that comes from that.  * * *  The case is over and we come back 120 days from now.  * * *  It seems to me it should be done….").  The Court nevertheless decided to press on with the trial at that point.

3.      However, after the lunch break, when the afternoon session commenced on the second day of trial, the Court and counsel began a discussion concerning the Court's intervention in the trial and the previously discussed evidentiary issues raised by the Plaintiff..  (Tr.T. 103:9 - 111).  The Court again stated it would probably grant a mistrial.  (Tr. T 106:10)  After listening to Plaintiff's position objecting to any mistrial, the Court noted there really was no great expense for anyone and a delay of even five months would not be any true prejudice.  (Tr. T 108-110).

Indeed, the Court stated that the only real objection the Plaintiff had was its perception that it had a "tactical advantage" over the Defendant by having the trial proceed without delay. (Tr. T.110:6-9) After a lengthy discussion, the Court then came up with a new idea where it would be granting the mistrial but starting the trial with a new jury the following day. (Tr. T 126:22-24;127-128). Luxury Montres accepted the Court's offer of a new trial (Tr.T 128:14-16). Plaintiff objected. (Tr.T.128:18 Although it acknowledged that a mistrial was warranted, agreeing that "the jury had been prejudiced (Tr.T 129:13-14), Plaintiff then tried to obtain additional advantage by suggesting that Luxury Montres waive its right to a jury trial. (Tr.T 129:14-16)

Luxury Montres declined this suggestion whereupon the Court, while not agreeing that it had done anything improper, nevertheless acknowledged that it was inclined "to grant a mistrial and pick a new jury tomorrow or the next day…"(Tr.T 133:11-13).

After the Court had announced its inclination to grant a mistrial, Luxury Montres' counsel then advised the Court that the company had lost confidence in its counsel (Tr.T 135:19-25) The Court again noted that though it did not agree it had done anything wrong, "there is reasonable basis of a doubt" but now the option of starting a new trial the next day or two had changed. (Tr.T 136:21-25; 137:1)

Upon these facts a lengthy discussion then ensued concerning timing. (Tr.T 137-141) The Court determined that Luxury Montres would be given thirty days to locate new counsel. (Tr.T 141:5-6). The Court held that the "pleadings are frozen", that it was granting a mistrial and was excusing the jury (Tr.T. 144:24-25).

During further discussions, after the Court had granted the withdrawal of counsel and declared a mistrial, Plaintiff then for the first time raised the issue that Luxury Montres was not represented by counsel and stated it was a default. (Tr.T. 147:25; 148:1-2)

The Court recognized that Luxury Montres did not know of any such problem when considering discharging its counsel and further that regarding Plaintiff's arguments, the Court "should have explained them all of that before they made a decision". (Tr.T 148:3-6)

Recognizing the problems with the situation, the potential due process and fairness issues, and balancing against a potential delay of a year to eighteen months for an appeal, the Court **denied** Plaintiff's motion for a default judgment and stood by its prior rulings. (Tr.T. 148:16)

Plaintiff continued to argue for a default and indicated it would file such a motion to which the Court even advised that due to its prior rulings it may have been the cause of the situation, it would "probably deny a motion for default". (Tr.T. 158:15-19).

4.      This all occurred on June 4, 2013. The Court then entered its order giving the Defendant until July 5, 2013 to enter an appearance or failing same, a default judgment would be entered against LM. The Court also set the case for jury trial for the two week docket beginning August 19, 2013 with calendar call on August 15, 2013. [DE 61]

5.      The undersigned counsel timely filed his notice of appearance on July 3, 2013 [DE 62] and was been diligently preparing for trial ever since.

6.      Plaintiff waited until July 24, just a few weeks prior to calendar call, to file this Motion for Sanctions including dismissal of the action and fees. [DE 63].

7.      In making this motion, Plaintiff presents a factual scenario that is inaccurate and incomplete. Plaintiff injects many personal opinions and speculations into the state of mind of

4

Defendant and of the jury and fails to provide record citation for almost all of its factual claims. (Plaintiff's Motion, pps. 1-3, DE 63)  For example, Plaintiff claims that Luxury Montres "did not have the technology ready to go" which delayed the trial when in fact it was the Court's unique requirements regarding how videotaped testimony may be presented that was the main reason for the delays[1]. Similarly, Plaintiff claims the deposition testimony by video was not edited when in fact it was, some 7 plus hours of deposition having been culled to less than 5 hours.[2]

       8.      The bottom line is that the Court indicated that it was going to grant a mistrial and start fresh with a new jury, thus recognizing that the trial potentially had procedural problems that warranted a mistrial.  Luxury Montres counsel's withdrawal was without any malice or wrongful intent, Plaintiff's speculations notwithstanding.  That a minor delay between commencement of the new trial has occurred is a *de mnimis* issue.  Plaintiff has suffered no prejudice.  Finally, of critical importance to the requested sanction of dismissal with prejudice, prior to the Court's granting the withdrawal of counsel and a mistrial, no discussion or warning of the possibility of such a sanction was made and thus Luxury Montres had no idea that such a

---

[1] At the pre-trial conference on April 5, 2013, the Court expressed its dissatisfaction with technology and its feeling that depositions should not be played by video at all.  In this case, since Plaintiff's corporate representative had now passed away, the only way for the jury to evaluate the witness' demeanor was by the videotaped deposition. However, the Court failed to advise at the pre-trial that it would be requiring a novel method unique to this Court only of how videotape testimony may be presented to a jury.  At trial, for the first time, the Court announced that before any portion of the videotaped deposition was to be played, the page and line of the forthcoming testimony had to be stated for the record.  This requirement is what caused the presentation of the Plaintiff's corporate witness by edited videotape to have to be stopped during trial every time there was any break in the testimony so that the page and line could be stated for the record.  Compounding the problem, Plaintiff repeatedly raised objections to testimony requiring repeated sidebar arguments.

[2] The undersigned herein advises the Court that it will provide the Plaintiff with all designations of this videotaped deposition that it intends to present to the jury and will file same in the court file so that there will not be any such need for the method of presentation previously required and the record will be preserved.  Additionally, any objections to the testimony from the Plaintiff can be handled in advance of trial.  Finally, the undersigned will endeavor to reduce the amount of testimony further from the previously edited five (5) hours to less than three hours at most, if not much less.

sanction was even possible.  (Tr.T. 137-145).  The Court recognized this in denying the motion for sanctions at the time.[3]

8.      In its motion, Plaintiff has chosen to ignore the law from this circuit on the issue, instead relying on general principles from other circuits in situations wholly distinguishable from the instant case.  When Plaintiff's motion is reviewed pursuant to the standards of this circuit, the motion fails.

9.      One need look no further than Justice Marcus' well written opinion in *Betty K Agencies Ltd vs. M/V Monada*, 432 F. 3rd 1333 (11th Cir. 2005) for an understanding of the principles governing this type of extreme sanction.  In *Betty K*, a dismissal with prejudice for failure to respond to a counterclaim was reversed as an abuse of the trial court's discretion.  In doing so, the court reiterated the rules in the Eleventh circuit for dismissing an action with prejudice pursuant to Rule 41(b), recognizing that dismissal with prejudice

> is an extreme sanction that may be properly imposed *only* when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." (citation omitted).

*Id.* at 1338

\*     \*     \*          \*     \*     \*

> Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. *See Gratton,* 178 F.3d at 1375 (dismissal with prejudice is appropriate "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice"); *Goforth,* 766 F.2d at 1535 ("The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.") (internal quotation marks omitted); *Boazman,* 537 F.2d at 212 ("[D]ismissal with prejudice is such a severe sanction that it is to be used *only* in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice ....") (emphasis added) (internal citations and quotation marks omitted). As we held in *Mingo v. Sugar Cane*

---

[3] The Court did state that its ruling was without prejudice to Plaintiff's filing such a motion to then be considered.

*Growers Co-op. of Florida,* findings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate. 864 F.2d 101, 102–03 (11th Cir.1989). And, although "we occasionally have found implicit in an order the [findings necessary to support dismissal], we have never suggested that the district court need not make that finding." *World Thrust Films, Inc.,* 41 F.3d at 1456 (internal quotation marks and citation omitted).

We rigidly require the district courts to make these findings precisely "[b]ecause the sanction of dismissal with prejudice is so unsparing," *Mingo,* 864 F.2d at 103, and we strive to afford a litigant his or her day in court, if possible. *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 888 (5th Cir.1968) (recognizing the "importance, except in the most flagrant circumstances, of resorting to sanctions that do not deprive a litigant of his day in court"). Thus, in *Mingo,* where the district court found that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has [and] the circumstances of this case cry out for such a just, speedy, and inexpensive determination," we nevertheless found an abuse of discretion because this language did not establish that "the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion." 864 F.2d at 103

*Id.* at 1339.

10.     Applying the standards of this circuit to the facts at bar, it is obvious that there was no "clear pattern of delay" or any "willful or contumacious misconduct" by Luxury Montres LLC.  The case was just one week past one year old at the time of trial.  There is no evidence that Luxury Montres was trying to delay the trial.  As to the mistrial, the Court itself had determined that one was warranted in an abundance of caution due to the possibility that the Court's intervention in the trial proceedings may have caused jury prejudice.  The plaintiff itself admitted jury prejudice.

When Luxury Montres announced it had lost confidence in its counsel's ability to work with this Court, the only discussion at that point was how much time it would take for the company to obtain new counsel.  At no time was Luxury Montres warned that by having its counsel withdraw, it would be running the risk of having its case dismissed with prejudice.  On the contrary, and with full acknowledgment by the Plaintiff, the only claim at the time being

made by the Plaintiff was whether the Plaintiff might be entitled to financial sanctions for the day and one half of trial. (Tr. T   ) There was no willful or flagrant disregard of court rules or the Court's authority. Indeed, there was no misconduct at all.

Accordingly, the first prong of the rule in this circuit not having been met, Plaintiff's motion should be denied in its entirety.

11.     Plaintiff ignores the rigid requirements of the rule of law in the Eleventh Circuit as stated above. Instead, Plaintiff offers a number of decisions from other circuits, using string citation with brief annotation to try to make its point. However, upon examination of the cases, each one is factually distinguishable.

In *Hooper v. Chrysler Motors Corp.* 325 F. 2d 321 (5th Cir. 1963), *cert. denied*, 377 U.S. 967 (1964), the dismissal with prejudice occurred after the litigant, having had its motion for continuance denied, intentionally refused to attend the trial at all. The court made this finding and noted that the willful refusal to prosecute the case warranted the sanction.

The facts in *Lopez v. Aransas Cnty, Indep. Sch. Dist.,* 570 F2. 541 (5th Cir. 1978) and the holding are virtually identical to *Hooper.* After three years of litigation, when faced with trial, the litigant moved for continuance which was denied. The litigant then subsequently refused to attend trial despite given every opportunity and understanding the ramifications of this refusal.

Similarly, when a prisoner's §1983 civil suit, pending for over a decade, was finally brought to trial, the prisoner, the only witness for his case, willfully refused to testify and pursue the case despite having been advised by the court of the risks of such a refusal. *Lewis v. Rawson,* 564 F.3rd 569 (2nd Cir. 2009) The court was affirmed in dismissing that case with prejudice as it was clear the prisoner willfully refused to prosecute his case at all.

The trial court was affirmed in *Wright v. Sargent,* 869 F. 2d 1175 (8th Cir. 1989) in dismissing with prejudice given that litigants willful refusal to appear for trial. Moreover, when the litigant tried to provide an explanation for why he had not come to trial, the trial court determined the excuses were pretextual and without credibility. The willful misconduct in failing to prosecute the case was evident.

Plaintiff cites to *O'Rourke Bros. Inc. vs. Nesbitt burns, Inc.* 201 F.3d 948 (7th Cir. 2000) as support for its position but the facts in that case are not remotely akin to those at bar. In *ORourke,* the litigant repeatedly ignored court orders, good cause hearings and even a dismissal with the opportunity to object within ten days. Each time the litigant failed to respond to the court's orders. After seven months passed after the final dismissal of the case, the litigant now came to court asking to reinstate despite having never served the complaint and having ignored many court orders. The appellate court held this misconduct evidenced the type of willful delay and disregard for judicial authority that warranted the extreme sanction of dismissal with prejudice.

Finally, Plaintiff cites to *City of New York v. Adventure Outdoors, Inc.*, 644 F. Supp 2d 201 (EDNY 2009), *rev on other grounds, City of New York v. Mickalis,* 645 F 3d. 114 (2nd Cir. 2011) for the proposition that "a default judgment was granted where defendant discharged counsel during trial"), but again, Plaintiff misstates the facts. In that case, the litigant was from Georgia, had been contesting personal jurisdiction in the case from the beginning and decided during proceedings before the court to withdraw and willfully refused to participate at all despite warnings from the court that such would result in a default judgment under Rule 55. The litigant still willfully refused to participate and a default judgment was entered.

Not one of these cases upon which Plaintiff relies involve a situation remotely as here where the litigant is fully prepared to participate and prosecute its counterclaims but merely sought a mistrial due to perceived error in during the trial, a mistrial which was granted by the court recognizing the reasonable possibility of such prejudice having occurred. After this arose, Luxury Montres simply sought to obtain new counsel. There was no willful attempt to delay the case nor was there any understanding of any risk at the time the withdrawal request was made and granted.

The request for new counsel was made without any misconduct on Luxury Montres' part. Highlighting the inappropriateness of Plaintiff's claim here, had the case begun anew the very next day due to the court's granting a mistrial *sua sponte*, the Plaintiff would not be entitled to its time for the first day and one half of trial.

12.     As to the sanction of fees, Plaintiff seeks 24 hours of time for the pre-trial conference that occurred <u>two</u> months before trial and 42 hours of time for the one day and one half of trial. As already pointed out, because the court intended to start trial anew, that day and one half was not "lost" due to any misconduct on Defendant's part; no sanction is warranted at all. Furthermore, the time being sought is for **three lawyers**. This is a straight forward breach of contract case with claims and counterclaims all surrounding the commercial relationship of the parties. There is nothing significantly complex about any of the claims and no reason for multiple attorneys nor does Plaintiff offer any reasonable basis for multiple attorneys being necessary. Finally, given that the Court has "frozen" the case, there will not be another pre-trial conference and thus the claim for that time is without legal or factual basis whatsoever. Finally, the rates for lead counsel ($610 per hour) are based on New York rates, not those charged in South Florida and thus are inappropriate.

13.     One of the foundations of our system of justice is that legal claims should be decided on their merits.  Plaintiff's motion, filed almost two months after the trial is an inappropriate attempt to prevail on its claims on a technicality.  Given the strict and rigid requirements of the Eleventh Circuit before such an extreme sanction should ever be entered, this motion should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2013 a true copy of this document was filed electronically with the Clerk of Court using the CM/ECF system which will send notice to Richard J. Ovelman, Esquire of Jordan Burt and Andrew T. Solomon, Esquire of Sullivan and Worcester LLP, 1633 Broadway, 32nd Floor, New York, New York, 10019.

Respectfully submitted,

SCOTT JAY FEDER, P.A.
**Attorneys for Defendant**
4649 Ponce De Leon Blvd., Suite 402
Coral Gables, Florida  33146
Tel: (305) 669-0060 / Fax: (305) 669-4220

By: _____/S/_____
        SCOTT JAY FEDER, ESQ.
        Florida Bar No.  359300
        Scottj8@aol.com