IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:  12-21984-CIV MOORE

BEDAT & CO GENEVE, a company organized
under the laws of Switzerland,

      Plaintiff,

vs.

LUXURY MONTRES, LLC, a Florida limited
liability company,

      Defendant.

_____/

**DEFENDANT, LUXURY MONTRES, LLC, REQUESTED JURY INSTRUCTIONS**

      Defendant, Luxury Montres, LLC, by and through their undersigned counsel, respectfully

submits the attached requested Jury Instructions and Verdict Form to this Honorable Court.

### <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 19th day of November , 2013 a true copy of this
document was filed electronically with the Clerk of Court using the CM/ECF system which will
send notice to Richard J. Ovelman, Esquire of Jordan Burt and Andrew T. Solomon, Esquire of
Sullivan and Worcester LLP, 1633 Broadway, 32nd Floor, New York, New York, 10019.

                Respectfully submitted,

                SCOTT JAY FEDER, P.A.
                **Attorneys for Defendant**
                4649 Ponce De Leon Blvd., Suite 402
                Coral Gables, Florida  33146
                Tel: (305) 669-0060 / Fax: (305) 669-4220

                By: ___/S/ Scott Jay Feder_____
                    SCOTT JAY FEDER, ESQ.
                    Florida Bar No. 359300
                    Scottj8@aol.com

## 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I will give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called circumstantial evidence - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence.

But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence -this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness=s testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case'

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Bedat & Co, claims the Defendant, Luxury Montres LLC, breached the contract by failing to pay monies due for product delivered. Luxury Montres LLC admits this but and contends that Bedat & Co. failed to reduce or offset this amount by credits it was due for warranty repairs and for advertising and promotional expenses. Luxury Montres LLC also claims Bedat & Co. breached the contract by failing to deliver product that had been ordered and promised resulting in damages to Luxury Montres. Bedat & Co denies these credits were due and that it breached the contract by failing to deliver product.

**Burden of proof:**

Bedat & Co has the burden of proving its case by what the law calls a preponderance of the evidence. That means Bedat & Co. must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Bedat & Co. and the evidence favoring Luxury Montres LLC on opposite sides of balancing scales, Bedat & Co. needs to make the scales tip to its side. If Bedat & Co. fails to meet this burden, you must find in favor of Luxury Montres LLC.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called affirmative defenses, Luxury Montres LLC has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Luxury Montres LLC must prove for any affirmative defense. After considering all the evidence, if you decide that Luxury Montres LLC has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Luxury Montres LLC has also brought claims for relief against Bedat & Co. called counterclaims. On these claims, Luxury Montres LLC has the same burden of proof that Bedat & Co. has for its claims.

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not

supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Luxury Montres LLC will present its witnesses and ask them questions. After Luxury Montres LLC questions the witness, Bedat & Co. may ask the witness questions - this is called "cross-examining" the witness. You should base your decision on all the evidence, regardless of which party presented it. After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

7

Here are several important things to keep in mind about your questions for the witnesses:

• First, you must submit all questions in writing. Please don't ask any questions aloud.

• Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

• Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [ witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**3 C Basic Instructions**40
COURT'S INSTRUCTIONS
TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.2 The Duty to Follow Instructions B Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim, Cross Claims, Counterclaims - Preponderance of the Evidence

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claim by a "preponderance of the evidence". This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

### 3.7.2 Responsibility for Proof B Affirmative Defense Preponderance of the Evidence

In this case, the Defendant, Luxury Montres LLC asserts the affirmative defense[s] of set off for credits due. Luxury Montres LLC can prevail in this case if it proves an affirmative defense or its counterclaim by a preponderance of the evidence.

When more than one affirmative defense or counterclaim is involved, you should consider each one separately.

I caution you that the Luxury Montres LLC does not have to disprove the Bedat & Co.'s claim, but if Luxury Montres LLC raises an affirmative defense and counterclaim, the only way it can prevail on that specific defense and claim is if it proves that defense by a preponderance of the evidence.

Similarly, as to Luxury Montres LLC's counterclaim for damages, Bedat & Co. can prevail if it proves an affirmative defense by a preponderance of the evidence.

Again, however, I caution you that the Bedat & Co. does not have to disprove Luxury Montres LLC's claim, but if Bedat & Co. raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

### 3.8.2 Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts.

Your only interest is to seek the truth from the evidence in the case

**Special Jury Instruction**

**Breach of Exclusive Distribution Agreement**

In this case, as you know, there are several claims made by the parties against each other, and there are a number of separate issues arising out of those claims. These issues will be submitted to you for your decision in the form of specific questions, known as Special Interrogatories, which will constitute the form of your verdict.

The first claim for your consideration is the claim of the Plaintiff Bedat against the Defendant Luxury Montres to recover sums claimed by the Plaintiff to be due and unpaid under the Exclusive Distribution Agreement contract between the parties for the distribution of watches. In the case of this distribution contract, the manufacturer is entitled to payment of the contract price upon proof of delivery of the product ordered unless there are reasons why such payment is not due.

The parties agree that the Plaintiff delivered $477,393 in product and parts as of May of 2012 but disagree as to certain credits for warranty repairs and marketing expenses which Defendant claims existed by that time and the Defendant claims it sustained damages because the Plaintiff breached the contract also by not supplying product timely. Thus, even though Plaintiff performed some of its contractual obligations, you may find that the Defendant nevertheless does not owe Plaintiff the money claimed due as a result of other credits or damages because of a lack of full and complete performance by Plaintiff of its own obligations under the contract.

On these issues you are instructed that, when two parties enter into a contract, each becomes obligated under the law to comply with all of the terms of the entire agreement between them as modified by them. The Defendant contends that the amount due to the Plaintiff for watches and parts delivered is offset by credits for warranty repairs and for marketing expenses which the Plaintiff failed to process. The Defendant also contends it sustained damages due to the Plaintiff's breaches of the contract, including but not limited to: Plaintiff's failure to deliver watches the Defendant ordered, Plaintiff's cancellation of production of certain goods without informing the Defendant; Plaintiff's failing to provide credits timely and apply them to the credit line; Plaintiff's representations about the availability of goods which were ordered but in fact not delivered and not timely produced; Plaintiff's failure to deliver product at key times during the year; Plaintiff's failure

18

to deliver spare parts or failure to deliver spare parts timely, Plaintiff's redirecting watches to other markets instead of filling Defendant's orders, Plaintiff's failure to repair or replace defective watches in a timely fashion, and Plaintiff's failing to provide proper and adequate service.

So, in this case, if you find from a preponderance of the evidence that the Defendant is entitled to credits for the warranty repairs and marketing expenses or that the Plaintiff breached the Exclusive Distribution Agreement in any way, then you will consider the amount of credits and damages the Defendant claims it is entitled to. Accordingly the first two questions you will be asked as part of the special interrogatories to be submitted to you are:

1. Do you find from a preponderance of the evidence that the Plaintiff failed to credit the Defendant for warranty repairs and marketing expenses?

Answer Yes or No.

2. Do you find from a preponderance of the evidence that the Plaintiff breached the contract causing damage to the Defendant?

Answer Yes or No.

In summary, up to this point, if you find that the Defendant is entitled to credits or sustained damages by reason of any breaches of the contract by the Plaintiff, you will then consider the next issues, namely the amount of credits to which the Defendant is entitled for warranty repairs and marketing expenses and the amount of damages Defendant sustained due to Plaintiff's breaches of the contract. Questions number three and four, which you will be asked concerning these issues, are as follows:

3. If you answered Yes to Question One, what amount of money do you find from a preponderance of the evidence to be due to the Defendant for such credits for warranty repairs and marketing expenses?

Answer in Dollars and Cents

4. If you answered Yes to Question Two, what amount of money do you find from a preponderance of the evidence to be due to the Defendant on account of the damages, measured by the reasonable value of the lost profits?

Answer in Dollars and Cents

[Former Model 11th Circuit Instruction 5.1, Breach of Construction Contract *modified*]

**Special Jury Instruction**

**Good Faith and Fair Dealing in Contracts**

Ladies and Gentlemen you are instructed that under Florida Law, every contract includes an implied covenant of good faith and fair dealing by the parties.

Authority: ***Chalfonte Condo. Apt. Ass'n, Inc., v. QBE Ins. Corp.***, 695 F.3d 1215, **1224 (11th Cir., 2012)**

### 3.9 Election Of Foreperson

### Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-21984-CIV-MOORE

BEDAT & CO GENEVE,

                     Plaintiff/Counterdefendant,

v.

LUXURY MONTRES, LLC,

                     Defendant/Counterplainitff.

_____/

### SPECIAL INTERROGATORY VERDICT FORM

1.    Do you find from a preponderance of the evidence that the Plaintiff failed to credit the Defendant for warranty repairs and marketing expenses?

                      Yes    _____

                      No    _____

2.    Do you find from a preponderance of the evidence that the Plaintiff breached the contract causing damage to the Defendant?

                      Yes    _____

                      No    _____

3.    If you answered Yes to Question One, what amount of money do you find from a preponderance of the evidence to be due to the Defendant for such credits for warranty repairs and marketing expenses?

               $_____

If you answered Yes to Question Two, what amount of money do you find from a preponderance of the evidence to be due to the Defendant on account of the damages, measured by the reasonable value of the lost profits?

$_____

SO SAY WE ALL this ___day of November, 2013.


_____
**FOREPERSON**