UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-21984-KMM

BEDAT & CO GENEVE, a company
organized under the laws of Switzerland,

        Plaintiff,

vs.

LUXURY MONTRES, LLC,
a Florida limited liability company,

        Defendant.
_____/

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

In this case, as you know, there are several claims made by the parties against each other, and there are a number of separate issues arising out of those claims. These issues will be submitted to you for your decision in the form of specific questions, known as Special Interrogatories, which will constitute the form of your verdict.

The Parties stipulate that Plaintiff Bedat is entitled to an award of $477,393 subject to Defendant Luxury Montres' affirmative defense of set off and its counterclaim for damages.

On these issues you are instructed that, when two parties enter into a contract, each becomes obligated under the law to comply with all of the terms of the entire agreement between them as modified by them. The Defendant contends that the amount due to the Plaintiff for watches and parts delivered is offset by credits for warranty repairs and for marketing expenses which the Plaintiff failed to process. The Defendant also contends it sustained damages due to the Plaintiff's breaches of the contract, including but not limited to: Plaintiff's failure to deliver watches the Defendant ordered; Plaintiff's cancellation of production of certain goods without informing the Defendant; Plaintiff's failing to provide credits timely and apply them to the credit line; Plaintiff's representations about the availability of goods which were ordered but in fact not delivered and not timely produced; Plaintiff's failure to deliver product at key times during the year; Plaintiff's failure to deliver spare parts or failure to deliver spare parts timely; Plaintiff's redirecting watches to other markets instead of filling Defendant's orders; Plaintiff's failure to repair or replace defective watches in a timely fashion, and Plaintiff's failing to provide proper and adequate service.

Defendant claims that Plaintiff breached the Exclusive Distribution Agreement by failing to deliver goods on time or by delaying delivery. Under Florida law, the elements for a breach of contract claim are: the existence of a contract, a breach of the contract, and damages resulting

from the breach. Under Florida law, every contract includes an implied covenant of good faith and fair dealing by the parties.

So, in this case, if you find from a preponderance of the evidence that the Defendant is entitled to credits for the warranty repairs and marketing expenses or that the Plaintiff breached the Exclusive Distribution Agreement in any way, then you will consider the amount of credits and damages the Defendant claims it is entitled to. Accordingly the first two questions you will be asked as part of the special interrogatories to be submitted to you are:

1. Do you find from a preponderance of the evidence that the Plaintiff failed to credit the Defendant for warranty repairs and marketing expenses?

Answer Yes or No.

2. Do you find from a preponderance of the evidence that the Plaintiff breached the contract causing damage to the Defendant?

Answer Yes or No.

In summary, up to this point, if you find that the Defendant is entitled to credits or sustained damages by reason of any breaches of the contract by the Plaintiff, you will then consider the next issues, namely the amount of credits to which the Defendant is entitled for warranty repairs and marketing expenses and the amount of damages Defendant sustained due to Plaintiff's breaches of the contract. In order to recover lost profit, Defendant must establish that: the Plaintiff caused Defendant damages; the damage was foreseeable by both parties at the time the contract was formed; and there is reasonable certainty as to the amount of the damages caused. Questions number three and four, which you will be asked concerning these issues, are as follows:

3. If you answered Yes to Question One, what amount of money do you find from a preponderance of the evidence to be due to the Defendant for such credits for warranty repairs and marketing expenses?

Answer in Dollars and Cents.

4. If you answered Yes to Question Two, what amount of money do you find from a preponderance of the evidence to be due to the Defendant on account of the damages, measured by the reasonable value of the lost profits?

Answer in Dollars and Cents.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proven.

The Court may have taken judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or evident, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.